IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC., ET AL. | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-CV-03360 |
| NATIONAL OILWELL VARCO, LP, ET AL. | § § § | |
| Defendants. | § | |

## ANSWER OF DEFENDANTS NATIONAL OILWELL VARCO, INC. AND NATIONAL OILWELL NORWAY, AS

Defendants National Oilwell Varco, Inc. and National Oilwell Norway AS (collectively, "Defendants") file this answer to the original petition filed by plaintiffs BP America Production Company, BP Exploration & Production, Inc. and American Home Assurance Company (collectively, "Plaintiffs").

## ANSWER

Defendants deny each and every allegation of the Plaintiffs' original petition, except as the same may be admitted or modified herein. Further responding to the said allegations, Defendants aver as follows:

1. Defendants deny the allegations in paragraph 1.

2. Defendants are without sufficient information to admit or deny paragraph 2.

3. Defendants are without sufficient information to admit or deny paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. National Oilwell Varco, Inc. admits that it is a Delaware corporation and does not maintain a registered agent for service of process in Texas. National Oilwell Varco, Inc. denies

that it does business in Texas.

6. National Oilwell Norway AS admits that it is a foreign corporation and does not maintain a registered agent for service of process in Texas. National Oilwell Norway AS denies that it does business in Texas.

7. Defendants admit that Hydralift AS is a foreign corporation and does not maintain a registered agent for service of process in Texas. Defendants deny that Hydralift AS does business in Texas.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit that Plaintiffs seek damages in excess of the minimum subject matter jurisdiction of this Court but deny that all Defendants do business in Texas. National Oilwell Varco, Inc. specifically denies that it does business in Texas. However, National Oilwell Varco, Inc. admits that a formerly existing entity known as Hydralift, Inc. was merged into National Oilwell Varco, Inc. National Oilwell Varco, Inc. admits that, prior to the merger, Hydralift, Inc. did business in the Texas in connection with the transactions and events out of which this lawsuit arises. National Oilwell Norway, AS specifically denies that it does business in Texas. However, National Oilwell Norway, AS admits that a formerly existing entity known as Hydralift, AS was merged into National Oilwell Norway, AS. National Oilwell Norway, AS admits that, prior to the merger, Hydralift, AS did business in the Texas in connection with the transactions and events out of which this lawsuit arises.

11. Defendants admit that venue is proper in Harris County.

12. Defendants are without sufficient information to admit or deny paragraph 12.

13. The allegations of paragraph 13 constitute conclusions of law, and, as such,

require neither an affirmative nor negative response on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

14. Defendants are without sufficient information to admit or deny paragraph 14.

15. Defendants are without sufficient information to admit or deny paragraph 15.

16. Defendants are without sufficient information to admit or deny paragraph 16.

17. Defendants are without sufficient information to admit or deny paragraph 17. To the extent necessary, Defendants aver that the best evidence of the terms, conditions, provisions, limitations and exclusions of the referenced "Construction and Purchase Contract" are contained in the contract itself. Defendants specifically plead the terms of the contract as if copied herein in full and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said contract.

18. Defendants are without sufficient information to admit or deny paragraph 18. To the extent necessary, Defendants aver that the best evidence of the terms, conditions, provisions, limitations and exclusions of the referenced "Construction and Purchase Contract" are contained in the contract itself. Defendants specifically plead the terms of the contract as if copied herein in full and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said contract.

19. Defendants deny the allegations in paragraph 19 as written.

20. Defendants deny the allegations in paragraph 20 as written.

21. Defendants admit that certain equipment was installed in Texas. Defendants deny the remaining allegations of paragraph 21.

22. Defendants are without sufficient information to admit or deny paragraph 22.

23. Defendants admit, upon information and belief, that the drilling rig was operated

and maintained by Pride. Defendants deny the remaining allegations of paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit that Hurricane Ike passed through the Gulf of Mexico on September 11, 2007. Defendants deny the remaining allegations of paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants are without sufficient information to admit or deny paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. The allegations of paragraph 36 constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendants, but insofar as it may be deemed necessary, the allegations are denied.

37. Defendants deny the allegations in paragraph 37.

38. The allegations of paragraph 38 require neither an affirmative nor negative response on behalf of Defendants. Defendants also pray for trial by jury on all issues.

39. Defendants deny that Plaintiffs are entitled to the requested relief.

**DEFENSES**

40. Defendants deny that they or anyone for whom they may be responsible are guilty of any negligence, products liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident in question. Defendants deny that any product supplied by defendants was unreasonably dangerous in design, construction or composition, due to any inadequate warning or non-conformity to any warranty so as to give rise to liability under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.55-58 *et seq.* Defendants specifically plead the terms, limitations of liability, responsibility and affirmative defenses set forth under the LPLA as if set forth in their entirety herein.

41. Defendants deny that any product upon which liability or responsibility is claimed was being put to its reasonably anticipated use, or that Plaintiffs' damages were proximately caused by an unreasonably dangerous characteristic of the product. Alternatively, Defendants aver that any alleged unreasonably dangerous conditions existing in the alleged product resulted by misuse or abuse, improper use, improper repairs, improper maintenance and/or material alterations on the part of other persons or entities for which Defendants are not responsible.

42. In the further alternative, if Defendants or anyone for whom Defendants may be responsible is guilty of any negligence, products liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident in question, or if for any other reason Defendants would be responsible to Plaintiffs in this suit, Defendants aver that Plaintiffs are guilty of contributory negligence constituting the sole proximate cause of the alleged incident in question, which defeats recovery herein, or alternatively a contributing cause which reduces Plaintiffs' recovery accordingly.

43. In the further alternative, Defendants aver that if Plaintiffs suffered any damages,

which is denied, said damages were caused by the acts, carelessness, inattention to duty, omissions, breach of contract or other conduct of third parties, for whose fault and negligence Defendants are not liable.

44. Defendants aver as a complete defense that Plaintiffs' alleged damages were caused solely by Hurricane Ike, an unanticipated grave natural disaster, an event of force majeure, and/or Act of God. Defendants exercised prudence, diligence, care and reasonable engineering principles and standards in following the design criteria specified by Plaintiffs and/or Pride in providing any product which ultimately came to be used aboard the MAD DOG, and accordingly are not liable to Plaintiffs for any alleged damages.

45. Defendants aver that Plaintiffs and/or Pride were learned intermediaries and/or sophisticated users of any product supplied by any Defendant, were involved in the initial engineering and design review of the product, and that Pride specifically provided load data relied upon by Defendants in the manufacture of the parking brakes.

46. Alternatively, Plaintiffs had an opportunity to and did in fact conduct engineering design reviews in connection with the products designed and/or manufactured by Defendants between the time of the sale, installation and the incident at issue. Plaintiffs are therefore estopped from claiming any deficiency in the design or manufacture of the units.

47. Defendants further aver that Plaintiffs and/or Pride and/or their agents and representatives had full control over the design, operation and use of all products supplied by Defendants, and were directly responsible for and aware of any missing parking brake removed from service prior to the incident, as well as the damages associated with such products. Defendants therefore had no duty to warn Plaintiffs about any damages concerning the use, operation or maintenance of any product supplied by any Defendant.

48. Plaintiffs' damages, if any, were caused by intervening or superceding causes for which Defendants are not responsible or liable.

49. The subject product or products complied with the state of the art at the time of its/their sale by Defendants.

50. Defendants aver that no timely notice or opportunity to repair were given to Defendants of the existence of any alleged defect in its product(s), if any, and as such, Plaintiffs' recovery against Defendants must be precluded, or in the alternative, diminished to the extent that any alleged defect could have been repaired.

51. Plaintiffs' alleged damages were the result of an inevitable or unavoidable incident occasioned by Hurricane Ike. Specifically, the equipment and/or products allegedly designed, manufactured or supplied by Defendants met the design standards provided by Plaintiffs and/or Pride. Plaintiffs' alleged damages were caused or occasioned by the violence of Hurricane Ike, which produced forces that exceeded the design characteristics of the parking brakes.

52. Defendants affirmatively plead all of the applicable terms and provisions of any contract between Plaintiffs and Pride Offshore and/or Pride International, including, but not limited to, the BP/Pride Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract relative to the MAD DOG project, the same being made a part hereof by reference and pled as if restated in their entirety herein. Based on these contracts, Plaintiffs have assumed the risk and/or liability for losses of the type for which they have sued herein and/or has waived its rights, if any, with respect to any damages claimed. Plaintiffs have, by contract, abrogated, waived, relinquished, renounced or abandoned the claims they urge against the Defendants herein. Defendants specifically plead the protection of the

limitation of damages provisions contained in the BP/Pride Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract. Defendants also specifically plead that they are entitled to defense, indemnity, insurance, release and to be held harmless from and by Plaintiffs pursuant to Articles 14 and 15 of the Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract.

53. Defendants further plead that Plaintiffs have failed to mitigate their damages as required by law.

## PRAYER

Defendants respectfully request that the Court enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ _____
Melissa M. Davis

| MAHTOOK & LAFLEUR, LLC | J.D. Page | WARE, JACKSON, LEE & CHAMBERS, LLP |
|---|---|---|
| Charles A. Mouton | *Lead Counsel* | Melissa M. Davis |
| SBN 17721 | SBN 15406700 | SBN 24045756 |
| Kay A. Theunissen | 3155 Phoenix Tower | 2929 Allen Pkwy, Fl. 42 |
| SBN 17448 | 3200 Southwest Freeway | Houston, TX |
| P.O. Box 3089 | | 77019 |
| 600 Jefferson St. | Houston, TX | Tel: (713) 659-6400 |
| Suite 1000 | 77027 | Fax: (713) 659-6262 |
| Lafayette, LA | Tel: (713) 840-9200 | |
| 70502 | Fax: (713) 840-9217 | |
| Tel: (337) 266-2189 | | |
| Fax: (337)266-2303 | | |

Counsel for National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., Hydralift, Inc., and Hydralift AS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January, 2010, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to counsel of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served counsel of record who have not so consented to electronic service by certified mail, return receipt requested.

/s/
Melissa M. Davis