IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC., ET AL. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-CV-03360 |
| NATIONAL OILWELL VARCO, LP, ET AL. | § § § | |
| Defendants. | § | |

**DEFENDANTS' DISCOVERY / CASE MANAGEMENT PLAN UNDER RULE 26(f)**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred. **Pursuant to the Court's October 20, 2009 Order for Conference, Defendants attempted to confer with Plaintiffs on January 5, 2010, but Plaintiffs declined to participate in discussions of any discovery or case management issues. All counsel for Defendants, including lead counsel, participated in the telephone call. Plaintiffs' counsel (which did not include lead counsel) indicated they did not want to discuss discovery or the case management plan because of their December 16, 2009 motion to stay.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court. **Plaintiffs have brought substantively identical claims against Defendants in *BP Exploration & Production, Inc. et al. v. National Oilwell Varco, LP, et al.*, Civil Action No. 2:09-cv-06218, pending in the United States District Court for the Eastern District of Louisiana.**

3. Briefly describe what this case is about. **Plaintiffs brought this suit to recover for property damages suffered on the MAD DOG spar during Hurricane Ike. Plaintiffs**

1

**allege this damage was caused by the failure of the drilling rig's parking brakes – the design, manufacture, installation and maintenance and repair of which Plaintiffs allege was subcontracted to Defendants by Plaintiffs' general contractor and operator, Pride. Defendants deny any wrongdoing or liability and contend that, under the governing contracts, Defendants are entitled to full indemnity, insurance, and defense from Plaintiffs for any liability and expenses arising from the claims Plaintiffs assert.[1]**

4.   Specify the allegation of federal jurisdiction.  **Federal jurisdiction exists under the Outer Continental Shelf Lands Act, 43 U.S.C. §§1331** *et seq.*

5.   Name the parties who disagree and the reasons.  **None.**

---

[1] Under both the rig construction contract and the rig operation and maintenance contract between BP and Pride, BP agreed to indemnify and provide insurance for the "Contractor Group," which is defined to include NOV, against claims such as those made by BP here.  In each contract, BP agreed to waive subrogation and to provide insurance which was to be primary with respect to other coverages.

Article 14.02.01 of the construction contract obligates BP to indemnify "the Contractor Group," which is defined in Article 2.04 to include Pride and all of its subcontractors and vendors, such as NOV, for "all damages to or losses of Existing Equipment and Property of [BP]" and "all damages to or losses of Items provided by the Company in excess of One Million U.S. Dollars (US$1,000,000) per occurrence," regardless of any negligence or fault on NOV's part. "Existing Equipment and Property" is defined to mean "all machinery, buildings, equipment, pipelines, wells, wellheads or other tangible property" of BP located at the work site, and "Items" is defined in the contract to mean "all tangible property" provided by BP under the contract.  Construction Contract, §§2.08, 2.10.  Article 14.07 requires BP to support its Article 14 indemnity obligations with blanket contractual liability insurance or qualified self-insurance with a minimum limit of not less than ten million dollars.  Article 15.09 of the construction contract also requires BP to provide Commercial General Liability Insurance or equivalent coverage with minimum limits of not less than one million dollars per occurrence and to name the Contractor Group as an additional insured, waive subrogation as to the Contractor Group, and provide that such coverage shall be primary with respect to the Contractor Group's other coverages.

The operation and maintenance contract between Pride and BP likewise defines "Contractor Group" to include NOV.  Operation Contract, §2.08.  Article 14.03.01 of this contract requires BP to indemnify the Contractor Group for "all damages to the Production Facility, including the Drilling Rig, in excess of One Hundred Thousand U.S. Dollars (US$100,000) per occurrence," regardless of any negligence on the part of NOV, with an inapplicable exception for damage covered by Pride's warranty obligations under the construction contract, which expired years before the events at issue in this litigation.  Like the construction contract, the operation and maintenance contract requires BP to support its indemnity obligation with blanket contractual liability insurance or qualified self-insurance with a minimum limit of not less than ten million dollars.  Operation Contract, §14.12.  Article 15.15 requires BP to provide Commercial General Liability Insurance or equivalent coverage with minimum limits of not less than five million dollars per occurrence and to name the Contractor Group as an additional insured, waive subrogation as to the Contractor Group, and provide that such coverage shall be primary with respect to other coverages.

      6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.  **None yet known.**

      7.    List anticipated interventions.  **None yet known.**

      8.    Describe class-action issues.  **None.**

      9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.  **The disclosures have not yet been made.  Defendants are willing to make their disclosures but believe the disclosures should be simultaneous by both sides.  As noted above, when Defendants attempted to discuss discovery and case management, the Plaintiffs declined to do so on the basis that they believed the case at bar should be stayed in favor of the case filed in Louisiana, and that they intended to move to continue the Court's January 25, 2010 initial pretrial and scheduling conference.  Defendants have disclosed a good deal of the information required by 26(a) regarding persons with knowledge in Defendants' motion to transfer filed in the Louisiana case.  That motion to transfer was attached as an exhibit to Defendants' response to Plaintiffs' motion to stay the case at bar.**

      10.    Describe the proposed agreed discovery plan, including:

          A.    Responses to all the matters raised in Rule 26(f).

          B.    When and to whom the plaintiff anticipates it may send interrogatories.  **As noted above, Plaintiffs have declined to discuss discovery with Defendants.**

          C.    When and to whom the defendant anticipates it may send interrogatories.  **Defendants have made a demand for indemnity, insurance, and**

**defense on Plaintiffs; Plaintiffs have not yet responded. If Plaintiffs accept Defendants' demand, no further discovery may be needed. If Plaintiffs' decline Defendants' demand, interrogatories may be necessary on issue relating to Defendants' motion to transfer the Louisiana case to Texas. Once the venue of the action is resolved, Defendants anticipate they will move for summary judgment on the issues of indemnity, insurance, and defense. Defendants prefer to avoid substantive discovery on the underlying claim until Plaintiffs respond to Defendants' demand or until any motion for summary judgment is resolved. In the event no summary judgment is granted, Defendants anticipate they would send interrogatories to all Plaintiffs.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

   **As noted above, Plaintiffs have declined to discuss discovery with Defendants.**

E. Of whom and by when the defendant anticipates taking oral depositions.

   **See "C" above. If Plaintiffs' decline Defendants' demand, depositions may be necessary on issue relating to Defendants' motion to transfer the Louisiana suit to Texas. Once the venue of the action is resolved, Defendants anticipate they will move for summary judgment on the issues of indemnity and insurance. In the event no summary judgment is granted, Defendants anticipate they would take oral depositions of Plaintiffs, Plaintiffs' vendors and subcontractors pertinent to the design, operation and maintenance of the Mad Dog**

**spar (including Pride International), and Plaintiffs' experts.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**As noted above, Plaintiffs have declined to discuss discovery with Defendants. Once the venue of the action is resolved, Defendants anticipate they will move for summary judgment on the issues of indemnity, insurance and defense. If no summary judgment is granted, Defendants will need to take discovery from Plaintiffs, Plaintiffs' vendors and subcontractors pertinent to the design, operation and maintenance of the Mad Dog spar (including Pride International), and Plaintiffs' experts.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**As noted above, Plaintiffs have declined to discuss discovery with Defendants.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants anticipate taking the depositions of Plaintiffs' experts Stress Engineering and any other liability or damages experts. Defendants anticipate taking two rounds of paper discovery and**

**factual depositions before those expert depositions. In light of the anticipated amount of discovery, Defendants anticipate it will be approximately one year before it will take Plaintiffs' experts.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party. **Because Plaintiffs refused to participate in the Rule 26(f) conference, the above statements reflect only Defendants' views and proposals. Defendants have made a demand for indemnity and insurance on Plaintiffs; Plaintiffs have not yet responded. If Plaintiffs accept Defendants' demand, no further discovery may be needed. If Plaintiffs decline Defendants' demand, discovery may be necessary on issues relating to Defendants' motion to transfer the Louisiana case to Texas. Once the venue of the action is resolved, Defendants anticipate they will move for summary judgment on the issues of indemnity, insurance and defense. Defendants prefer to avoid substantive discovery on the underlying claim until Plaintiffs respond to Defendants' demand or until any motion for summary judgment is resolved. In the event no summary judgment is granted, Defendants anticipate they would send interrogatories, requests for production, requests for admission, requests to inspect and test, and that they would take depositions from parties and witnesses as set out above. In light of the fact that many of the witnesses are likely to be in Norway and France, some assistance from the court may be needed in securing testimony.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date. **None. Defendants have requested that Plaintiffs provide Defendants with the file of Plaintiffs' expert(s) at Stress Engineering, including an ftp website that Stress or Plaintiffs**

at one time apparently had available or shared with one another.  Plaintiffs have not provided the files of their experts or the contents of the Stress file.

13. State the date the planned discovery can reasonably be completed.  **Based only on Defendants' anticipated discovery, 18 months from after the determination of Defendants' anticipated motion for summary judgment.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.  **Determination of Defendants' indemnity and insurance claims against Plaintiffs could result in prompt resolution of the case.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.  **Defendants have made an offer of judgment in keeping with their understanding of the operative contracts.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.  **Defendants are amenable.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge. **There is no joint position.  Defendants anticipate the case is appropriate for the judge.**

18. State whether a jury demand has been made and if it was made on time. **Yes, all appearing parties have made a jury demand.**

19. Specify the number of hours it will take to present the evidence in this case. **Two to three months.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference. **The motion to stay filed by Plaintiffs, the response and alternative motion for**

7

**temporary stay filed by Defendants, and the motion to dismiss filed by Hydralift, AS.**

21.　　List other motions pending.  **None.**

22.　　Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference. **The Court may want to pay special attention to the issues created by Plaintiffs' concurrent prosecution of their claims in federal court in both Texas and Louisiana.**

23.　　List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiffs:**

Carol Welborn Reisman – Texas State Bar No. 24052638
Liskow & Lewis
701 Poydras Street
Suite 5000, One Shell Square
New Orleans, LA  70139
(504) 581-7979 – Phone
(504) 556-4108 – Fax
cwreisman@liskow.com – Email

Robert Hayden Burns – Texas State Bar No. 03456000
Liskow & Lewis
First City Tower
1001 Fannin, Suite 1800
Houston, TX  77002
(713) 651-2900 – Phone
(713) 651-2908 – Fax
rhburns@liskow.com – Email

**Counsel for Defendants:**

J. D. Page – Texas State Bar No. 15406700
3155 Phoenix Tower
3200 Southwest Freeway
Houston, TX  77027
(713) 840-9200 – Phone
(713) 840-9217 – Fax
jdpage@jdpagelaw.com – Email

Melissa M. Davis – Texas State Bar No. 24045756

8

Ware, Jackson, Lee & Chambers, L.L.P.
2929 Allen Parkway, 42nd Floor
Houston, TX  77019-7101
(713) 659-6400 – Phone
(713) 659-6262 – Fax
melissadavis@warejackson.com – Email

Charles A. Mouton – Louisiana State Bar No. 17721
Mahtook & Lafleur, L.L.C.
P. O. Box 3089
600 Jefferson St., Suite 1000
Lafayette, LA  70502
(337) 266-2189 – Phone
(337) 266-2303 – Fax
cmouton@mandllaw.com - Email

        Respectfully submitted,

        By: /s/ _____
            Melissa M. Davis

| MAHTOOK & LAFLEUR, LLC | J.D. Page | WARE, JACKSON, LEE & CHAMBERS, LLP |
|---|---|---|
| Charles A. Mouton | *Lead Counsel* | Melissa M. Davis |
| SBN 17721 | SBN 15406700 | SBN 24045756 |
| Kay A. Theunissen | 3155 Phoenix Tower | 2929 Allen Pkwy, Fl. 42 |
| SBN 17448 | 3200 Southwest Freeway | Houston, TX |
| P.O. Box 3089 | Houston, TX | 77019 |
| 600 Jefferson St. | 77027 | Tel: (713) 659-6400 |
| Suite 1000 | Tel: (713) 840-9200 | Fax: (713) 659-6262 |
| Lafayette, LA 70502 | Fax: (713) 840-9217 | |
| Tel: (337) 266-2189 | | |
| Fax: (337)266-2303 | | |

        Counsel for National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., Hydralift, Inc., and Hydralift AS

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of January, 2010, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to counsel of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served counsel of record who have not so consented to electronic service pursuant to the Federal Rules of Civil Procedure.

/s/
Melissa M. Davis