UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION INC., ET AL., § § | CIVIL ACTION NO. 4:09-cv-03360 |
| Plaintiffs, § | |
| v. § | JUDGE: NANCY F. ATLAS |
| § | |
| NATIONAL OILWELL VARCO, L.P., § ET AL., § | |
| Defendants. § | |

# STIPULATED CONFIDENTIALITY
## AGREEMENT AND AGREED PROTECTIVE ORDER

Parties named above have agreed as follows:

This Confidentiality Agreement (this "Agreement") shall govern "Confidential Information," which shall include certain documents and things, the information contained therein, and certain other information produced or disclosed in the actions above, (the "Action"), that is revealed in a document, testimony or other discovery response. The Confidential Information subject to this Agreement is described below.

"Confidential Information" is material that contains confidential, private, or proprietary information, a trade secret or other confidential research, personnel, financial or commercial information not generally known and which the disclosing Party or non-party to the date of production would normally not reveal to third-parties or would cause third-parties to maintain in confidence.

Pursuant to this Agreement, the Parties may designate as Confidential Information such documents and information produced by them in this case that they respectively believe in good faith constitute, contain or reflect Confidential Information, and shall so mark such documents, or shall so indicate with a description of the documents which any Party may contend are confidential. Designation of Confidential Information may be accomplished by placing on each page containing Confidential Information of each document a stamp or

notice "Confidential" in such a manner as will not interfere with the legibility of the documents.

Depositions or other testimony may be designated as "Confidential" by any one of the following means:

    a.    stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is "Confidential"; or

    b.    sending written notice to counsel for all other Parties, designating, by page and line where possible, the portions of the deposition or other testimony to be treated as Confidential Information. Such notice will be sent upon receipt of the transcript.

Interrogatory answers may be designated "Confidential" by separately binding the answers and marking them "Confidential" at the time such answers are made.

Confidential Information and the information contained therein or derived therefrom shall be used solely for the prosecution and/or defense of this Action (the "Purpose"), and shall not be disclosed to any third party or used for any other purpose whatsoever without further Agreement from the party that designated the Confidential Information.

Confidential Information shall not be given, shown, made available, communicated, or divulged in any way to anyone except:

a.    The Court (including court personnel);

b.    Members of the jury for purposes of presenting such material during the trial of this Action;

c.    Authorized representatives of the Parties to this action, to the extent that it is necessary for them to receive the information for the purposes of making informed decisions regarding the prosecution or defense of this action, and giving direction to, communicating with, and receiving advice from, their Counsel.

d.    "Counsel," meaning all attorneys of record and other attorneys in their firm, attorneys designated as "Of Counsel" in this Action, and any in-house counsel who provide legal advice to the Parties, as well as members of the staff of Counsel;

e. Court reporters and videographers who record deposition or other testimony in this Action;

f. Any person who is indicated in a document to have been an author, addressee or copy recipient thereof; and any person who had access to the document in the normal course of business;

g. Independent experts retained to assist in the litigation of this Action who are actively engaged in this Action and members of the expert's staff, provided that Counsel for the disclosing Party has complied with the provisions below;

h. Copy services and litigation support personnel; and

i. Any other person to whom the Parties agree in a signed writing or whom the Court may order.

With respect to any person in categories (c) - (i) above to whom Confidential Information is to be given, shown, made available, communicated, or divulged in any way, before such information is disclosed, the disclosing party shall inform each such person of this Agreement and that Confidential Information subject to this Agreement is being given, shown, made available, communicated, or divulged to the person.

Before any independent expert, as described above, is given access to Confidential Information, the expert shall execute a written instrument in the form of an Acknowledgment attached as Exhibit "A", whereby the person acknowledges that he or she has read and understands this Agreement and agrees to be bound by its terms, that he or she understands that any unauthorized disclosure of information designated as Confidential Information constitutes a violation of this Agreement, and that he or she consents to the exercise of personal jurisdiction by this Court with respect to such violation and acknowledges that the Court has the authority to impose sanctions including appropriate monetary sanctions, for violation of this Agreement. With respect to all experts who are not consulting-only experts, counsel who provides disclosure of confidential documents from another party shall file a copy of the Acknowledgment with the Court and shall maintain the original in counsel's files. With respect to a consulting-only expert, counsel who provides disclosure shall maintain the original Acknowledgment in trust in counsel's files and is not required to file a copy with the Court. Persons obtaining access to information designated as Confidential Information shall not make public or disclose to any person such information contained therein, except as permitted by this Agreement. Upon conclusion of this action, by settlement, judgment, or otherwise, counsel will disclose the identity of all experts having access to Confidential Information and shall return all Confidential Information, provided to disclosed experts, to the producing party along with an affidavit from each disclosed expert stating that all Confidential Information has been returned to the producing party.

Nothing in this Agreement shall prevent any Party from using its own Confidential Information as it deems appropriate, including showing any deponent or witness such Confidential Information, and any such use shall not be deemed to waive or modify its own or any other Party's rights or obligations under this Agreement.

In the event that any Party disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the Parties shall attempt first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, any Party may move the Court to resolve any dispute regarding the propriety of the confidential designation. In all cases, the designating party has the burden to prove that the information is confidential and has been properly designated. The Parties may by written and signed stipulation between all counsel of record provide for exceptions to this Order, and any Party may seek appropriate relief from the Court. All Parties agree to treat the designated information as Confidential Information unless and until the Parties agree in a signed writing otherwise or until the Court orders otherwise.

Discovery produced and identified as "Confidential Information" pursuant to this Agreement is not a court record. A Party who designated information "Confidential" shall be entitled to seek to have any such information, which is filed with the Court as an exhibit or which is admitted by the Court as evidence, sealed. Therefore, except as agreed in writing by counsel of record, to the extent that any "Confidential Information" is quoted, attached to, or substantially paraphrased in any pleading, motion, memoranda, appendices or other action filed, counsel shall file such submission under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential Information" shall be subject to the terms of this Agreement and, if filed with the Court, shall be filed under seal. All documents filed under seal pursuant to this Agreement shall be filed in a sealed envelope which shall be identified with the caption of this case, a general description of the sealed contents and a statement that "Contents hereof are Confidential and may be revealed only by Order of the Court or upon prior written consent of all counsel for the Parties." The parties agree that the Clerk of the Court shall not be requested to permit access, without prior notice to the designating Party and an Order of the Court, to any information filed under seal in accordance with this paragraph by any person other than the Court or counsel of record in this Action for the Parties. The Parties will not resist the efforts of any Party to seal documents pursuant to this paragraph.

Any Party served with a subpoena or other process or Agreement that compels the production of any "Confidential Information" produced in this Action is obligated to (i) notify in writing counsel for the producing party at least seven days before the return date of the subpoena or other compulsory process or, if the return date of the subpoena or other compulsory process is less than fourteen days, notice shall be given to the producing party in writing or by telephone as soon as practicable upon receipt and (ii) assert this Agreement as a

defense to such demand. If a party has complied with the requirements of this paragraph, its compliance with a facially valid subpoena or other process or Agreement shall not be asserted by any other party to constitute a violation of this Agreement.

The inadvertent or unintentional disclosure by the supplying Party of (i) information that was not designated as Confidential Information at the time of disclosure but which the Party wishes to designate as Confidential Information and/or (ii) Confidential Information that has already been designated as such, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto, or on the same or related subject matter.

Nothing herein shall be construed to affect, in any manner, the admissibility of any document, information, testimony, other evidence, or Confidential Information.

Upon the conclusion of this Action, and without any request from the designating Party, all documents and information designated Confidential subject to this Agreement (except to the extent that such documents or information were filed with the Court in support of any pleading or motion, or admitted as evidence by the Court at any trial or hearing), and any and all copies thereof, shall be destroyed or returned to the designating Party within thirty (30) days. Upon written request, a Party or other person subject to the terms of this Agreement shall furnish to the requesting Party a written certification that the provisions of this paragraph have been satisfied.

By this Agreement, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective Agreement, or to seek relief from the Court from any provision of this Agreement by application on notice on any grounds.

The terms of this Agreement shall survive the termination of this Action, whether by voluntary or involuntary dismissal, settlement, judgment, or otherwise.

The Parties may modify this Agreement in signed writing. However, this Agreement may not be modified except as the Parties may agree in signed writing or as the Court may order.

The parties agree that they are expressly prohibited from duplicating or using the confidential information exchanged for any purpose other than the case(s) at bar, including without limitation, replicating, reverse-engineering or otherwise attempting to ascertain the composition or manufacture of the data or any of the products described in the data.

SIGNED this March _____, 2010.

                                        JUDGE PRESIDING

AGREED AND ENTRY REQUESTED:

/s/ J.D. Page
J. D. Page
Texas State Bar No. 15406700
3155 Phoenix Tower
3200 Southwest Freeway
Houston, Texas  77027
T: 713-840-9200
F: 713-840-9217

Melissa M. Davis
Texas State Bar No. 24045756
Ware, Jackson, Lee & Chambers, L.L.P.
2929 Allen Parkway, 42nd Floor
Houston, TX  77019-7101
T: 713-659-6400
F: 713-659-6262

Charles A. Mouton
Louisiana State Bar No. 17721
Mahtook & Lafleur, L.L.C.
P. O. Box 3089
600 Jefferson St., Suite 1000
Lafayette, LA  70502
T: 337-266-2189
F: 337-266-2303

Counsel for Defendants

AGREED AND ENTRY REQUESTED:

<u>/s/ Robert Hayden Burns</u>
Robert Hayden Burns
Texas State Bar No. 03456000
Liskow & Lewis
First City Tower
1001 Fannin, Suite 1800
Houston, TX  77002
T: 713-651-2900
F: 713-651-2908

S. Gene Fendler
Louisiana State Bar No. 5510
David W. Leefe
Louisiana State Bar No.  1479
Carol Welborn Reisman
Texas State Bar No. 24052638
Liskow & Lewis
701 Poydras Street
Suite 5000, One Shell Square
New Orleans, LA  70139
T: 504-581-7979
F: 504-556-4108

830212_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION INC., ET AL., | § § § | CIVIL ACTION NO. 4:09-cv-03360 |
| Plaintiffs, | § | |
| v. | § § | JUDGE: NANCY F. ATLAS |
| NATIONAL OILWELL VARCO, L.P., ET AL., | § § | |
| Defendants. | § | |

**EXHIBIT "A"
TO STIPULATED CONFIDENTIALITY
AGREEMENT AND AGREED PROTECTIVE ORDER**

I, _____ (please print), have read the terms of the Protective Order ("Order") in the above-referenced matter and agree to be bound by all its provisions and terms; I understand that any unauthorized use, disclosure, or possession of information designated as "Confidential Information" constitutes a violation of the Order; I consent to the exercise of personal jurisdiction by this Court for resolution of any matters pertaining to the Order, including but not limited to any such violation; and I acknowledge that the Court has the authority to impose sanctions, including appropriate monetary sanctions, for violation of this Order.

_____
(Signature)

Date: _____

830212_1.DOC